Terrence R. **SPELLMON,** Appellant,

v.

James A. **COLLINS,** Leonard D. Ellis, M. Bruce Thaler, George R. Pierson, Timothy L. Massey, and Erik Burse, Appellees.

No. 14–97–00032–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 12, 1998.

Rehearing Overruled June 18, 1998.

Terrence R. Spellmon, Woodville, for appellant.

April L. Smith, Austin, for appellees.

Before MURPHY, C.J., and HUDSON and FOWLER, JJ.

**OPINION**

FOWLER, Justice.

This is an appeal from the trial court's order granting summary judgment in favor of James A. Collins, Leonard D. Ellis, M. Bruce Thaler, George R. Pierson, Timothy L. Massey, and Erik Burse, appellees. Terrence Spellmon ("Spellmon"), appellant, an inmate of the Texas Department of Criminal Justice—Institutional Division (TDCJ–ID), filed suit against appellees alleging he was falsely charged with a disciplinary case for conspiring to create a disturbance. As a result of the punishment he received, Spellmon claims the disciplinary and grievance systems of the TDCJ—ID violated his due process rights under the United States Constitution. Spellmon also sought sanctions against appellees because: (1) he allegedly did not receive a copy of their special exceptions; and (2) Assistant Attorney General Edward Sanchez substituted for Assistant Attorney General Mark Kosanovich without filing a motion for substitution of counsel and a notice of designation of attorney-in-charge.

The trial court denied Spellmon's motion for sanctions. We affirm.

A statement of the facts of this case is not necessary to the disposition of the appeal. Where procedural facts are relevant, they will be stated within the pertinent points of error. Thus, we shall commence with a review of Spellmon's complaints.

In his first three points of error, Spellmon contends the trial court erred in refusing to sanction appellees for certain alleged procedural infractions. In point of error one, Spellmon claims the trial court abused its discretion when it denied his motion for sanctions for appellees' failure to comply with rules eight and ten of the Texas Rules of Civil Procedure.[1] Specifically, Spellmon argues the trial court should have sanctioned appellees for not filing the appropriate documents to show a substitution of counsel from Assistant Attorney General Kosanovich to Assistant Attorney General Sanchez.

Kosanovich was the attorney who filed answers on behalf of appellees. On July 29, 1996, however, Sanchez replaced Kosanovich and made his first appearance in the case by filing special exceptions to Spellmon's motion for summary judgment. The record reflects that at a hearing held on August 2, 1996, the trial court allowed Sanchez to represent appellees and granted him leave of court to file a cross-motion for summary judgment on their behalf. That cross-motion was filed on October 7, 1996. On October 30, 1996, Sanchez filed a formal motion for substitution of counsel with the court. On November 5, 1996, the trial court granted appellees' motion for summary judgment.

Texas trial courts have the power to punish abuses of the legal process. *Metzger v. Sebek*, 892 S.W.2d 20, 50 (Tex.App.—Houston [1st Dist.] 1994, writ denied). The court's authority to punish certain abuses has been codified in various rules and statutes. *See* TEX.R. CIV. P. 13 (improper pleadings, motions, and "other papers"); TEX.R. CIV. P. 21b (failure to serve or deliver copies of pleadings and motions); TEX.R. CIV. P. 215 (abuse of discovery process); TEX. FAM.CODE ANN.CODE ANN. § 261.108 (Vernon 1996) (frivolous claims brought against persons reporting child abuse).

A trial court had broad discretion in entering sanctions. *Hawkins v. Volkmann*, 898 S.W.2d 334, 346 (Tex.App.—San Antonio 1994, writ denied). The standard of review on appeal is whether the trial court abused its discretion in making the award. *Id.* (citing *Brantley v. Etter*, 677 S.W.2d 503, 504 (Tex.1984)). In determining whether the trial court abused its discretion, we review the record in the light most favorable to the trial court's action. *Varme v. Gordon*, 881 S.W.2d 877, 882 (Tex.App.—Houston [14th Dist.] 1994, writ denied). The test is whether the trial court acted without reference to any guiding rules or principles. *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986)).

In this case, appellant wanted the trial court to sanction appellees' because their attorney did not file formal documents requesting substitution of counsel. Appellant, however, does not show this court how the failure injured him, and we fail to see how it could have. He does not contend that he was unable to communicate with appellees' counsel, or that his filings were not appropriately directed to Sanchez. Moreover, the trial court's docket notation indicates that it was allowing Sanchez to proceed on behalf of appellees, and Sanchez ultimately did file a form notice of substitution of counsel. Thus, while we do not condone Sanchez's initial failure to substitute as counsel according to the rules of procedure, we cannot say the trial court abused its discretion in failing to sanction appellees for the attorney general's lack of strict compliance with the rules of substitution. We overrule point of error one.

In his second point of error, Spellmon claims the trial court erred in refusing to sanction appellees for failing to comply with rules 21 and 21a of the Texas Rules of Civil Procedure. Spellmon contends appellees did

---

1. Rules eight and ten provide the formal procedures for changing the designation of attorney-in-charge and withdrawal and substitution of counsel.

not serve him with a copy of their special exceptions to his motion for summary judgment or their cross-motion for summary judgment. Rule 21b states, in pertinent part:

> If any party fails to serve on or deliver to the other parties a copy of any pleading, plea, motion or other application to the court for an order in accordance with Rules 21 and 21a, the court may in its discretion, after notice and hearing, impose an appropriate sanction under Rule 215–2b.

Tex.R. Civ. P. 21b.

According to the plain language of the rule, the trial court has discretionary authority to decide whether a party should be sanctioned for failing to comply with rules 21 and 21a. Sanctions were clearly not warranted in this case because copies of the special exceptions *were* sent to Spellmon's address of record. *See* Tex.R. Civ. P. 21a (stating that every motion, pleading, plea, or other form of request may be served by delivering a copy to the party to be served to the party's last known address). According to Spellmon's own pleadings, he was originally housed in a TDCJ—ID facility in Abilene. Sometime after May 6, 1996, Spellmon was transferred to a unit in Iowa Park. Appellees filed their special exceptions on July 29, 1996. It was not until August 29, 1996, a month after the special exceptions were filed, that Spellmon filed any documents with the court containing his new address. Thus, there was no way for appellees to know that Spellmon was not properly served under rule 21a; the special exceptions were served upon Spellmon at his last known address. The record does not show that Spellmon ever filed a formal notice of his change of address; therefore, appellees had no way of knowing that Spellmon could not be found at the address originally given by him. Consequently, we cannot say the trial court abused its discretion by refusing to sanction appellees pursuant to rule 21b.

Spellmon also complains that he did not receive service of appellees' cross-motion for summary judgment; however, his own pleadings contradict his position. On October 28, 1996, Spellmon filed a motion to strike appellees' motion for summary judgment. In his motion, he refers to direct passages from appellees' cross-motion for summary judgment. Thus, Spellmon obviously was served with a copy of the cross-motion. We hold the trial court did not err in refusing to sanction appellees under rule 21b and overrule point of error two.

In point of error three, Spellmon claims the trial court erred when it denied his motion to strike appellees' cross-motion for summary judgment. The thrust of Spellmon's argument seems to be that the motion was filed and argued by Sanchez rather than Kosanovich. First, as we have already stated, the trial court allowed Sanchez to proceed as counsel for appellees. Second, Sanchez filed a formal motion for substitution of counsel before the trial court ruled on appellees' cross-motion for summary judgment. Finally, since Spellmon received a copy of the motion and had sufficient time to respond to the arguments raised in the motion, we do not see how Spellmon was harmed simply because Sanchez, rather than Kosanovich, argued the motion. We hold the trial court did not abuse its discretion by denying Spellmon's motion to strike and we overrule point of error three.

■ In his fourth and final point of error, Spellmon contends the trial court erred in granting summary judgment in favor of appellees. The standard for reviewing summary judgments is well settled. Summary judgment is proper only when the movant establishes there are no genuine issues of material fact and proves he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management, Co.*, 690 S.W.2d 546, 548 (Tex.1985). Proof favorable to the non-movant will be taken as true, every reasonable inference will be indulged in favor of the non-movant, and any doubts resolved in his favor. *Id.* at 548–49. A defendant is entitled to summary judgment if it can disprove plaintiff's cause of action as pleaded. *See SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 355 (Tex.1995). In this case, appellees have alleged in their cross-motion for summary judgment that Spellmon does not have a section 1983 cause of action because he has not alleged that his punishment has been invalidated; a prerequisite to suit

under section 1983 under the facts of this case.

Spellmon filed suit under 42 U.S.C. § 1983 claiming appellees violated his due process rights under the United States Constitution. Specifically, Spellmon claimed he was charged with a disciplinary case for "creating a disturbance" following a meeting between a number of inmates in the recreation yard. Plaintiff alleged that on October 8, 1993, he and other inmates were discussing their conditions of confinement when he was asked a question concerning compensation for labor. This "meeting" was attended and videotaped by appellee Burse and several other prison guards. Plaintiff admitted he responded to other inmates' inquiries by saying that a work stoppage would be necessary if legal avenues did not result in compensation for labor at the prison. Spellmon was charged with conspiring to commit a work stoppage that could have resulted in a disruption of prison operations. After a hearing, Spellmon was disciplined with a loss of good time, reduction in class, solitary confinement, and commissary restriction.

In this appeal, Spellmon complains the trial court should not have granted summary judgment in favor of appellees, thereby dismissing his suit, because (1) there was no evidence/no allegation in the charging instrument that appellant "conspired to create a work stoppage with inmate Hicks;" (2) he did not receive adequate notice of the charges against him; (3) he was denied the right to cross-examine a witness; and (3) he was denied access to the videotape of the incident, thereby denying him the right to present evidence in his defense. In other words, Spellmon complains that the disciplinary process used by the TDCJ—ID violated his rights to due process.

In their motion for summary judgment, appellees argued, among other things, that they were entitled to judgment as a matter of law because appellant was attempting to collaterally attack an allegedly unconstitutional disciplinary conviction without showing that his disciplinary case had ever been vacated, reversed, expunged, or called into question. Appellees argued Spellmon could not maintain his section 1983 claim without such a showing and relied on *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), to support their position.

In *Heck*, the Supreme Court held that the ancient principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to section 1983 damage actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement. 512 U.S. at 485–87, 114 S.Ct. at 2372. The Court held that, to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* The court stated that a section 1983 claim that has not been so invalidated is not cognizable. *Id.* Thus, when a state prisoner seeks damages in a section 1983 suit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Id.* If it would, the plaintiff's suit must be dismissed unless he can demonstrate that the conviction or sentence has already been invalidated. *Id.*

In *Edwards*, the Court specifically addressed this issue of whether a claim for damages brought by a state prisoner challenging the validity of the procedures used to deprive him of good time credits is cognizable under section 1983. 520 U.S. at ——, 117 S.Ct. at 1586. In that case an inmate at the Washington State Penitentiary in Walla Walla was charged with, and found guilty of, four prison infractions. *Id.* He was sentenced to ten days in isolation, twenty days in segregation, and deprived of thirty days good-time credit. *Id.*

The inmate filed suit under section 1983, seeking monetary damages, alleging that the procedures used in his disciplinary proceeding violated his due process rights under the Fourteenth Amendment. *Id.* Specifically,

the inmate claimed that the hearing officer had concealed exculpatory witness statements and refused to ask specific questions of requested witnesses, which denied him the right to present evidence in his defense. *Id.* at ——, 117 S.Ct. at 1587.

The Court noted that the inmate was complaining about procedural defects in the disciplinary process. *Id.* at ——, at 1588. Those defects, if established, would result in reinstatement of his good-time credits. *See id.* In addition, the Supreme Court found that the defects complained of by the inmate would, if established, imply the invalidity his punishment, including the deprivation of his good-time credits. *Edwards,* 520 U.S. at ——, 117 S.Ct. at 1588. Based on a prior opinion, *Heck,* the Court concluded that the inmate's claim for relief under section 1983 was not cognizable because he had to allege that his punishment had been invalidated. He did not do this, and therefore, his claim was not cognizable. *See id.* at ——, 117 S.Ct. at 1589. In this case, Spellmon's complaints, like those of the inmate in *Edwards,* are about the procedural defects in his disciplinary hearing. As we noted, he complained about the lack of notice in the charging instrument, the denial of his right to cross-examine witnesses, and the refusal to allow him a copy of the videotape of the meeting. Spellmon's allegations are essentially that he was denied due process because of a lack of notice and limitations upon his right to present evidence in his own defense.

The complaints, if established, would necessarily imply that the punishment Spellmon received was invalid. *See id.* at ——, at 1588. Thus, to maintain this section 1983 action, Spellmon had to allege that his punishment has been invalidated. *See Heck,* 512 U.S. at 485–87, 114 S.Ct. at 2372. Spellmon did not do this. Indeed, a review of his pleadings shows that his case was validated and the punishment imposed. Thus, the allegations in Spellmon's suit are of the type that the Supreme Court has rejected in the context of a section 1983 action. *See Edwards,* 520 U.S. at ——, 117 S.Ct. at 1589; *Heck,* at 585–87, 114 S.Ct. at 2372.

We hold the trial court correctly granted summary judgment in favor of appellees, thereby dismissing Spellmon's section 1983 action. We affirm the trial court's judgment.