**Robert GLINSKI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–97–00712–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 11, 1999.

Sandra Kay Foreman, Huntsville, for appellant.

Alfred Eugene Hernandez, Huntsville, for appellee.

Panel consists of Justices O'CONNOR, HEDGES, and ANDELL.

## OPINION

ANDELL, J.

We are asked to determine if appellant's prosecution and conviction for escape from a penitentiary violated the double jeopardy protections of the United States and Texas constitutions.[1] We hold it did not, and affirm.

### Background

Appellant, Robert Glinski, was sentenced as a habitual criminal and began serving a life sentence for aggravated assault in 1982. During his 14 years in prison, he had graduated to a high-level trustee position and had accumulated 9,480 days (approximately 26 years) of "good time."[2] In May 1996, appellant escaped from prison. He was apprehended within weeks. At a prison disciplinary hearing in June 1996, he admitted the offense of escape and was punished by being demoted in classification, losing commissary privileges, and losing all of his good time.

After the disciplinary hearing, appellant was indicted and prosecuted in Walker County for the offense of escape. The trial court denied relief on appellant's pretrial writ of habeas corpus based on double jeopardy. Appellant was convicted by the trial court and sentenced to 18 years in prison.

### Double Jeopardy

In points of error one and two, appellant contends his conviction for escape was barred by double jeopardy. A person is protected by the double jeopardy clause of the Fifth amendment from multiple prosecutions and multiple punishments for the same offense. *See Hudson v. United States,* 522 U.S. 93, 118 S.Ct. 488, 493, 139 L.Ed.2d 450 (1997). Conceptually, the State and Federal

---

1. *See* U.S. CONST. amends. V & XIV; TEX. CONST. art. I, § 14.

2. Depending upon an inmate's good behavior and classification—the level of trust he has earned and its concomitant privileges—he may earn from 10 to 20 days of good time for each 30 days he serves in prison. *See* TEX. GOV'T CODE ANN. § 498.003(b) (Vernon 1998). An inmate may earn an additional 15 days for each 30 actually served if he works in an agricultural setting, as did appellant. *See id.*

double jeopardy provisions are identical. *See Stephens v. State*, 806 S.W.2d 812, 815 (Tex. Crim.App.1990). Double jeopardy protection may also be invoked when a civil sanction is so grossly disproportionate to the goal of the sanction as to supercede the remedial goal. *See United States v. Halper*, 490 U.S. 435, 442, 109 S.Ct. 1892, 1903–04, 104 L.Ed.2d 487 (1989); *Ex parte Hernandez*, 953 S.W.2d 275, 280 (Tex.Crim.App.1997).

■ In *Hernandez*, the Court of Criminal Appeals determined that disciplinary sanctions are intended to serve the goals of maintaining order and discipline within a prison and to ensure a safe environment for both employees and inmates. *See* 953 S.W.2d at 282. The Court then considered whether the sanction meted out to the defendant—15 days of disciplinary detention—was so grossly unrelated to those remedial goals as to constitute "punishment" and concluded it was not. *Id.* at 285. Accordingly, our task here is to determine whether the forfeiture of appellant's good time was so grossly unrelated to the remedial goals of maintaining order and discipline, and deterring escape, so as to trigger double jeopardy protection.

Good time is a privilege, not a right, and it accrues in direct proportion to the amount of trust the prison places in an inmate. *See* TEX. GOV'T CODE ANN. § 498.004 (Vernon 1998). There are circumstances in which no good time accrues, even if the prisoner is well-behaved. *Id.* If an inmate commits an offense or violates a prison rule, the department may forfeit all or part of the inmate's good time. *Id.* Once good time is lost, it may not be restored. *Id.*

Good time applies only to eligibility for parole and does not otherwise affect an inmate's term. *See* TEX. GOV'T CODE ANN. § 498.003. Appellant will not be eligible for parole until he has served 20 years of his life sentence. His loss of good time does not affect that flat 20–year requirement in any way. It may, however, adversely affect the parole board's decision on his eligibility for parole once appellant has served the full 20 years.

The trial court emphasized the speculative nature of the negative impact, noting the legislature could change the law within the next six years to permit restoration of lost good time and also noting that prison overcrowding could affect time served and parole review board decisions. Appellant has six years from the time of his escape until he is eligible for his first parole hearing, and has the opportunity to begin accruing good time anew.

One of the principal reasons appellant was able to earn such a large amount of credit was because of his high classification and the trust placed in him by prison officials. He was permitted extraordinary freedom; that, in turn, made his escape easy. Appellant violated the trust bestowed upon him. Forfeiture of all good time accrued before an inmate escapes, no matter how large or small the amount, operates as a deterrent to other prisoners in high positions of trust who may themselves be tempted to escape. In addition, because good time is a privilege, not a right, it is a sanction different in nature from administrative segregation, which imposes a fundamentally more difficult prison routine on an inmate. Loss of good time as a disciplinary sanction is commonplace. *See, e.g., Spellmon v. Collins*, 970 S.W.2d 578, 582 (Tex.App.—Houston [14th Dist.] 1998, no pet.); *Guerrero v. State*, 893 S.W.2d 260, 260 (Tex.App.—Waco 1995, no pet.).

The Court of Criminal Appeals in *Hernandez* noted that to rule that administrative sanctions are "punishment" for the purpose of triggering double jeopardy protection would place prison and jail staff in the position of having to choose between immediate disciplinary sanctions and pursuing criminal prosecutions, which could have a destructive effect on the ability of the staffs to maintain discipline. *See Hernandez*, 953 S.W.2d at 285.

The court's reasoning in *Hernandez* is applicable here. We hold appellant's loss of all of his good time credit, no matter the amount lost, is not so grossly unrelated to the goals of maintaining discipline and order, and ensuring safety, as to trigger the protection of double jeopardy under either the United States or the Texas Constitution.

We overrule appellant's points of error.

We affirm the trial court's judgment.