NUMBER 13-97-913-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 __________________________________________________________________ 



JOHNNY LEE ELLIS, Appellant, 



v.

 

J.E. MERIT CONSTRUCTORS, INC., Appellee. 

__________________________________________________________________ 



On appeal from the 148th District Court

of Nueces County, Texas.

 __________________________________________________________________ 



O P I N I O N

Before Chief Justice Seerden and Justices Yañez and Chavez 

Opinion by Justice Yañez

 

 This is an appeal by John Ellis from the dismissal of claims arising out of his termination by J. E. Merit Construction
("Merit"). Ellis's claims were disposed of by three summary judgments granted over the course of two years. We dismiss
in part, affirm in part and reverse in part. 

Background

 Ellis initially sued Merit after being denied unemployment benefits by the Texas Employment Commission.(1) Merit was
included as a defendant when Ellis appealed the denial of his request for benefits to the district court in a pleading dated
August 17, 1994. The trial court severed Ellis's claims against Merit from his appeal against the Employment Commission. 
Ellis's petition was originally worded as a suit for wrongful termination, but over the course of the litigation Ellis filed
amended petitions raising claims of defamation and civil conspiracy. With three separate summary judgments, each of
Ellis's claims were dismissed. 

 While prosecuting his suit, Ellis filed motions to recuse three different judges following decisions by these judges which
were adverse to Ellis's position. Ellis also objected to the appointment of a Nueces County judge to hear his last motion to
recuse, in which he sought the recusal of Judge Hilda Tagle. Ultimately a visiting judge from Dallas, Texas was appointed
to hear the motion to recuse Judge Tagle. The motion was denied, and Judge Tagle signed the summary judgment
dismissing the last cause of action remaining in the case. In nine points of error, Ellis challenges the granting of the
summary judgments, as well as other rulings made during the course of this litigation. 

The Summary Judgments

 There were three summary judgments granted in this case. The first summary judgment dismissed Ellis's wrongful
termination claim, the second dismissed defamation claims Ellis raised against Merit and Merit's attorney, and the third
summary judgment dismissed Ellis's claim of civil conspiracy against Merit and members of Merit's management personnel
who were involved in Ellis's termination. 

 In his first point of error, Ellis alleges that the trial court erred by granting Merit's first partial summary judgment. Merit
had filed a motion for partial summary judgment on Ellis's wrongful termination claim, arguing that Ellis had failed to
plead an exception to the employment-at-will doctrine. The trial court granted the motion for summary judgment and
severed the wrongful termination action on May 17, 1996. Ellis filed a motion for rehearing on June 7, 1996, which was
denied on July 26, 1996. On December 27, 1996, Ellis filed a notice of appeal. This notice of appeal was untimely and
therefore Ellis has failed to preserve error on the wrongful termination claim. 

 A severance divides a single suit into two or more independent actions with each independent action resulting in an
appealable final judgment. Van Dyke v. Boswell, O'Toole, Davis & Pickering, 697 S.W.2d 381, 383 (Tex. 1985). The
appellate timetable begins running on the signing date of the order that makes a severed judgment final. Martinez v.
Humble Sand & Gravel, Inc., 875 S.W.2d 311, 313 (Tex. 1994). A notice of appeal must be filed within thirty days of the
judgment being signed. Tex. R. App. P. 26.1. The deadline to file a notice of appeal is extended to ninety days if a party
files a motion for new trial. Tex. R. App. P. 26.1 (2). "A 'motion for rehearing' is the equivalent of a motion for new trial." 
Chapman v. Mitsui Eng'g & Shipbuilding, 781 S.W.2d 312, 315 (Tex. App.--Houston [1st Dist.] 1989, writ denied). 

 Ellis had ninety days to file a notice of appeal to challenge the summary judgment dismissing his wrongful termination
claim. He filed his appeal on December 27, 1996, well after the ninety-day deadline had passed. Because Ellis failed to
timely file a notice of appeal, we do not have jurisdiction to consider the summary judgment dismissing Ellis's claims of
wrongful termination. See Tex. R. App. P. 26.1(2);Chavez v. Housing Auth. of El Paso, 897 S.W.2d 523, 526 (Tex.
App.--El Paso 1995, writ denied). Point of error number one is dismissed. 

 With his third point of error, Ellis challenges the trial court's granting summary judgment in favor of Merit and Merit's
attorney, Michael Dunnahoo, on Ellis's claims of defamation. On November 20, 1995, Ellis filed an amended petition,
adding a claim of defamation against both Merit and Dunnahoo. Ellis argued that Merit defamed him by firing him for
alleged theft of tools. Ellis contended that Dunnahoo had committed defamation by calling Ellis a thief following a court
hearing. Merit filed a motion for summary judgment as to the defamation claims, raising only the statute of limitations as
to the defamation claim against Merit, while arguing that anything said by Dunnahoo was privileged. The trial court
granted summary judgment with an order dated August 21, 1997. 

 A suit for defamation must be brought no later than one year after the day the cause of action accrues. Tex. Civ. Prac. &
Rem. Code Ann. § 16.002 (Vernon 1986 & Supp. 2000). However, when a petition is filed within the statute of
limitations, a "subsequent amendment of the pleading that changes the facts or grounds of liability . . . is not subject to a
plea of limitation . . . unless the amendment . . . is wholly based on a new, distinct, or different transaction or occurrence." 
Tex. Civ. Prac. & Rem. Code Ann. § 16.068 (Vernon 1997). Section 16.068 is liberally construed to protect litigants from
the loss of claims. Escamilla v. Estate of Escamilla, 921 S.W.2d 723, 727 (Tex. App.--Corpus Christi 1996, writ denied). 
"[W]e liberally read the original pleading to determine whether the claims added by the amendment are based on
transactions or occurrences which are new, distinct or different from those upon which the claims made in the original
pleading are based." Id. at 727-28. 

 Ellis's original petition was the pleading filed on August 17, 1994. This pleading, which claimed that Merit had engaged in
wrongful conduct in firing Ellis, was filed within the statute of limitations. Ellis's defamation claim arises from the same
occurrence that gave rise to his wrongful termination claim, because Ellis alleges that Merit defamed him in the course of
terminating him. Ellis's amended petition relates back to the original petition, and therefore, the statute of limitations does
not bar this cause of action. Because the motion for summary judgment, insofar as it related to the defamation claim
against Merit, raised only the issue of limitations, we may only consider this ground on appeal. Tex. R. Civ. P. 166a(c);
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). Therefore, we must conclude that the trial
court erred in granting summary judgment for Merit on Ellis's claim of defamation against Merit. We now address the
summary judgment as it applied to Merit's attorney, Dunnahoo. 

 Ellis's claim of defamation against Dunnahoo arose from an incident following a hearing on November 8, 1995. There is
considerable variation between the accounts of the incident contained in the affidavit attached to Merit's motion for
summary judgment and the affidavits attached to Ellis's response. In determining whether there is a disputed fact issue
precluding summary judgment, we take all the evidence favorable to the nonmovant as true, and indulge every reasonable
inference in favor of the nonmovant. American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v.
Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Therefore, in reviewing the trial court's ruling on the
summary judgment, we will consider Ellis's account to be true. See American Tobacco Co. Inc., 951 S.W.2d at 425. 

 According to affidavits filed by Ellis to oppose Merit's summary judgment motion, the incident occurred following a
hearing on Ellis's appeal from an unfavorable ruling by the Texas Employment Commission. The hearing had already
concluded and Ellis, his wife, and his attorney, David Fast, were leaving the courtroom, when Dunnahoo approached and
began speaking to Fast. Dunnahoo then turned from Fast, looked directly at Ellis, called him a thief and accused him of
having stolen tools. 

 In the motion for summary judgment, Merit argued that Dunnahoo's statements were protected under the privilege afforded
to communications made in the course of a judicial proceeding. SeeJames v. Brown, 637 S.W.2d 914, 916 (Tex. 1982);
Rose v. First Am. Title Ins. Co., 907 S.W.2d 639, 641 (Tex. App.--Corpus Christi 1995, no writ). Communications made
in the course of judicial proceedings will not serve as the basis for a defamation claim. James, 637 S.W.2d at 916; Rose,
907 S.W.2d at 641. This privilege has been extended to cover "communications made in contemplation of and preliminary
to judicial proceedings." Thomas v. Bracey, 940 S.W.2d 340, 343 (Tex. App.--San Antonio 1997, no writ); Darrah v.
Hinds, 720 S.W.2d 689, 691 (Tex. App.--Fort Worth 1986, writ ref'd n.r.e.); Russell v. Clark, 620 S.W.2d 865, 868 (Tex.
Civ. App.--Dallas 1981, writ ref'd n.r.e.). Statements made which "bear some relation" to proposed or existing litigation
have also been held to be privileged. Bennet v. Computer Assoc., Inc. 932 S.W.2d 197, 201 (Tex. App.--Amarillo 1996,
writ denied). Whether an allegedly defamatory communication is related to a proceeding is a question of law to be decided
by the court. Thomas, 940 S.W.2d at 343. "All doubt should be resolved in favor of the communication's relation to the
proceeding." Id. Public policy favors the recognition of such a privilege in order to allow attorneys to represent their
clients zealously. Id. 

 In the case now before this Court, the trial court was correct in granting summary judgment in favor of Dunnahoo. 
Dunnahoo's remarks related directly to Ellis's litigation against Merit and were made immediately following a hearing as
the parties were leaving the courtroom. To impose liability on an attorney under the circumstances described by Ellis
would greatly hinder the ability of an attorney to zealously represent his client. Dunnahoo's remarks were privileged. The
trial court did not err in granting summary judgment for Merit on Ellis's defamation claims. Point of error number three is
overruled insofar as it complains of the summary judgment in favor of Merit on the claim of defamation against Dunnahoo. 
Point of error number three is sustained insofar as it complains of the summary judgment for Merit on the defamation
claim. The summary judgment in favor of Merit on the claims of defamation was improper and is reversed. 

 With his fifth and eighth points of error, Ellis argues that the trial court erred in granting summary judgment on his claim
of civil conspiracy against Merit. The order granting the summary judgment states that the court found Ellis's claim to be
barred by the statute of limitations, and that Ellis had "failed to state a proper cause of action for civil conspiracy." 

 The elements of civil conspiracy are: (1) a combination of two or more persons; (2) an unlawful purpose, or a lawful
purpose to be accomplished through unlawful means; (3) a meeting of minds on the object or course of action; (4) one or
more unlawful, overt acts; and (5) damages as the proximate result. Insurance Co. of N. Am. v. Morris, 981 S.W.2d 667,
675 (Tex. 1998). Pleadings are construed liberally in favor of the pleader, unless special exceptions are filed. City of
Alamo v. Casas, 960 S.W.2d 240, 251 (Tex. App.--Corpus Christi 1997, pet. denied). 

 In the case now before this Court, Merit filed special exceptions to Ellis's petition, which were granted. The trial court
ordered Ellis to "specify each unlawful, overt act which [Ellis] claims was committed by [Merit]." Ellis replead, listing
actions taken by Merit employees and supervisors which, Ellis contends, support a claim of civil conspiracy. Ellis alleges
that he and another employee were asked by a Merit foreman to open a toolbox that appeared to have been abandoned. At
some point after the toolbox was opened another foreman complained that he owned the toolbox, and that Ellis had broken
into it and was using tools belonging to the foreman. Merit fired Ellis and the other employee who had opened the toolbox;
however Merit chose not to fire the supervisor who had allegedly asked Ellis and the other employee to open the toolbox. 

 We find that, although Ellis has alleged conduct by Merit which could be construed as unfair, he failed to allege any illegal
conduct. The trial court properly dismissed this cause of action. See McCaskell v. Methodist Hosp., 856 S.W.2d 519, 521
(Tex. App.--Houston [1st Dist.] 1993, no writ) (trial court did not abuse its discretion in dismissing suit after plaintiff
amended petition to respond to special exceptions). Points of error number five and eight are overruled. 

The Recusal Motion and Challenges to the Impartiality of the Trial Court

 Ellis's sixth point of error is a generalized complaint about alleged bias towards his attorney by several judges in Nueces
County and a more specific complaint that his motion to recuse Judge Tagle was improperly denied because the judge who
heard the motion was not impartial. A denial of a motion to recuse is reviewed under an abuse of discretion standard. Tex.
R. Civ. P. 18a(f); Vickery v. Vickery, 999 S.W.2d 342, 349 (Tex. 1999)(opinion on motion for rehearing); Lueg v. Lueg,
976 S.W.2d 308, 310 (Tex. App.--Corpus Christi 1998, pet. denied). A trial court abuses its discretion when its actions are
arbitrary and unreasonable. Lueg, 976 S.W.2d at 310 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985)). We find no evidence in the record that the judge who heard the recusal was biased, or that the recusal
motion was improperly denied. 

 The record contains several documents in which Ellis opposed the appointment of a judge from Nueces County to preside
over the hearing on his motion to recuse Judge Tagle. Ellis and his attorney, David Fast, felt that several members of the
Nueces County judiciary might harbor ill feelings towards Fast, because of encounters between these judges and Fast. 
Ellis's motion to recuse Judge Tagle was ultimately heard before Judge Pat McDowell, a visiting judge from Dallas, Texas. 
Ellis alleges in his brief that Judge McDowell is biased against granting recusals, and was a "hired gun" appointed
specifically to deny his motion to recuse Judge Tagle. There is nothing in the record to support this statement, nor did Ellis
challenge the appointment of Judge McDowell at any time prior to this appeal.(2) We find nothing to support any attack on
Judge McDowell's impartiality. 

 Ellis argues that the form used for the order on the motion to recuse demonstrates that Judge McDowell was determined to
deny Ellis's motion to recuse prior to any hearing on the motion. An examination of the recusal order demonstrates that this
allegation is unfounded. The judge used a blank form which contained spaces in which to insert the cause number and
parties' names, the words "granted" and "denied" both shown, and blank spaces to allow for the ordering of attorneys' fees. 
A judge using the form would fill in the blanks and strike through either "granted" or "denied" to reflect his ruling. In this
case, Judge McDowell struck through the word "granted" and filled in the necessary blanks to charge attorneys' fees to be
paid to Merit by Ellis's attorney. The form is completely neutral and does not demonstrate any prejudice on the part of
Judge McDowell. 

 Ellis failed to present evidence at the recusal hearing which would have justified the recusal of Judge Tagle. One of Ellis's
reasons, as set out in his motion to recuse and attached affidavits, was that Judge Tagle limited the time which the parties
had to argue motions and that an attorney from Dunnahoo's firm had spoken to another judge about the case. 

 A recusal requires extrajudicial bias by a judge, and should not be based upon in-court rulings. Grider v. Boston Co., Inc.,
773 S.W.2d 338, 346 (Tex. App.--Dallas 1989, writ denied) (citing United States v. Grinnell Corp., 384 U.S. 563,
583(1966)); see also Ludlow v. DeBerry, 959 S.W.2d 265, 271 (Tex. App.--Houston [14th. Dist.] 1997, no writ). Judge
Tagle's placing time limits on the parties, which applied to Merit as well as Ellis, were in-court rulings, and would not
support her recusal. 

 Ellis's affidavit verifying the motion to recuse states "Judge Tagle has allowed Mr. Dunnahoo to communicate with
another court, Hermasson" without further explanation. Based on arguments made by Ellis at the motion to recuse, it
appears that Ellis was complaining that a member of the firm which employs Dunnahoo had contact with Judge Klager(3)
and complained about Fast's conduct. The exact nature of this contact is not explained, nor did Ellis explain how any
contact with Judge Klager would have affected Judge Tagle's impartiality. Judge Klager had no involvement in the suit now
before this Court. Ellis has failed to explain how this contact shows any bias on Judge Tagle's part. 

 We find no support for Ellis's claim that he was denied a fair and impartial hearing on his motion to recuse Judge Tagle,
nor do we find an abuse of discretion by Judge McDowell in denying Ellis's motion to recuse Judge Tagle. Point of error
number six is overruled. 

 Ellis alleges, in his seventh point of error, that the trial court engaged in ex parte communications with Dunnahoo, and that
the trial court erred in awarding attorney's fees to Merit when the court denied Ellis's motion to recuse Judge Tagle. We
first address the alleged ex parte communications. 

 Ellis alleges that Judge Schuble initially denied Merit's motion for summary judgment on the issue of defamation but,
following ex parte communications with Dunnahoo, Judge Schuble changed his ruling. Ellis brought forth no evidence to
support his allegations of such misconduct on the part of Judge Schuble. Furthermore, Merit's motion for summary
judgment on the defamation claims was granted not by Judge Schuble, but rather by Judge Tagle. We have searched the
entire record on appeal, and find no evidence that any of the judges involved in this litigation ever engaged in ex parte
communication with any of the parties to this suit. 

 Ellis also complains, in point of error number seven, that his attorney was improperly sanctioned following the recusal
hearing. At the end of the hearing, Judge McDowell stated that he was going to order Fast to pay sanctions in the amount
of $350.00. The order denying the motion to recuse states that the court found the motion to have been brought "solely for
delay and was without sufficient cause" and orders Fast to pay $350.00 in attorneys' fees to Merit. 

 Under the rule of procedure governing the recusal of judges, the judge hearing a motion to recuse may impose sanctions
"in the interest of justice" if it is determined that the motion was brought without sufficient cause and solely for the purpose
of delay. Tex. R. Civ. P. 18a. The sanctions which may be imposed are those "authorized by Rule 215(2)(b)." Id. These
sanctions include attorneys' fees. Tex. R. Civ. P. 215.2(b)(8). Trial courts have broad discretion in assessing sanctions.
Spellmon v. Collins, 970 S.W.2d 578, 580 (Tex. App.--Houston [14th Dist.] 1998, no pet.). Awards of sanctions are
reviewed under an abuse of discretion standard. Id. We review the record in the light most favorable to the trial court's
actions when determining whether the trial court abused its discretion in levying sanctions. Spellmon, 970 S.W.2d at 580. 
When attorneys' fees are assessed as sanctions, proof of the expenditure of the fees is not required. In re Braden, 960
S.W.2d 834, 836 (Tex. App.--El Paso 1997, no pet.); Stites v. Gillum, 872 S.W.2d 786, 797 (Tex. App.--Fort Worth 1994,
writ denied); Allied Assoc., Inc. v. INA County Mut. Ins. Co., 803 S.W.2d 799 (Tex. App.--Houston [14th Dist.] 1991, writ
denied). 

 Ellis's allegations in his motion to recuse included accusations that counsel for Merit engaged in ex parte communications
with the trial court. At the recusal hearing, Ellis produced no evidence to support this allegation. During the hearing, Ellis
wholly failed to demonstrate any validity to his motion to recuse. Ellis filed the motion to recuse in the afternoon, before
Judge Tagle could rule on the remaining motions before the court, after Judge Tagle had ruled against Ellis on a summary
judgment in the morning. The court was within its discretion to conclude that the motion was brought without sufficient
cause and solely to cause delay in bringing the litigation to a conclusion. 

 Having found that the trial court was within its discretion to sanction Fast, we also conclude that the amount of the
sanctions was reasonable. Ellis's motion to recuse resulted in a lengthy delay in the prosecution of the lawsuit, required a
response by Merit, and resulted in Merit expending money to pay its counsel to appear at the hearing. A $350 sanction is
not an abuse of discretion based on the record before us. Point of error number seven is overruled. 

 In his ninth point of error, Ellis complains that Dunnahoo engaged in improper conduct in the course of this litigation, and
that the trial court demonstrated bias by "condoning" this conduct. We will briefly address the allegedly improper actions
of which Ellis complains in this point of error. 

 Ellis alleges that Dunnahoo used a poster-sized exhibit which had not been properly admitted in evidence at hearings
before Judge Schuble, on July 23, 1996 and July 30, 1996. To present a complaint for appellate review, the record must
show that a complaint was made to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1 The
records for the hearings show that Ellis made no objections at either hearing concerning any exhibit or poster being used by
Merit's attorney.(4) Therefore, Ellis has not preserved this complaint for appellate review. 

 Ellis complains that Dunnahoo made gestures while Fast was speaking at a hearing before Judge Schuble, on July 26,
1996. The record shows that Fast did state to Dunnahoo that he "would rather you not make those gestures while I'm
speaking." No objection was made to the trial court at that hearing; therefore this complaint has not been preserved for
appeal. Id. 

 Ellis also complains that during a hearing before Judge Tagle on September 26, 1996, Dunnahoo, who had laryngitis at the
time, turned away from Fast, who was suffering from an earache, thus preventing Fast from hearing what Dunnahoo was
saying. The record shows that after Fast complained that he was having trouble hearing, Dunnahoo suggested that Fast sit
next to him in order to facilitate his hearing what was being said. Fast apparently relocated as suggested. The next time
Fast complained of being unable to hear, Dunnahoo repeated the statement that Fast missed. 

 In this point of error, Ellis again raises allegations of ex parte communications. As stated previously, we find no evidence
whatsoever to support these allegations. Ellis argues that improper conduct is demonstrated by Judge Schuble's ruling on
Merit's second motion for summary judgment. As discussed above, Judge Schuble did not rule on Merit's second motion
for summary judgment: this motion was granted by Judge Tagle. 

 Ellis has wholly failed to demonstrate that any of the trial judges who presided over the various hearings involved in the
case engaged in or condoned any misconduct directed at Ellis or his attorney. The record before this court reflects that the
trial judges involved in the case presided over the hearings with impartiality and patience. Point of error number nine is
overruled. 

The Remaining Points of Error

 In his second point of error, Ellis argues that the trial court erred in striking his motion for deemed admissions. Ellis had
served Merit with ten requests for admission, which, Ellis argues, were not answered in a timely fashion, and therefore
must be deemed as true. These requests all pertain to Ellis's wrongful termination claim, over which we do not have
jurisdiction because it was not timely appealed. Therefore, this point of error is not dispositive of the appeal, and we do not
address it. See Tex. R. App. P. 47.1. 

 Ellis contends, in his fourth point of error, that the trial court erred by striking Ellis's motion for default judgment against
Dunnahoo. Ellis filed a "motion for leave of the court to implead added defendant seeking damages for defamation" on
June 25, 1996. In the motion, Ellis requested that the court grant him leave to add Dunnahoo as a defendant. In response,
Merit filed a motion to strike Ellis's motion to implead. Ellis filed a motion for default judgment on July 29, 1996. At the
hearing on September 6, 1996, in which the court also heard Merit's motion for summary judgment on the defamation
claims, Dunnahoo argued that he was not served with anything which would qualify under the rules as a petition requiring
an answer, and thus he was not subject to default judgment. 

 The proper way to add a party to a suit is with an amended pleading. Moody-Rambin Interests v. Moore, 722 S.W.2d 790,
792 (Tex. App.--Houston [14th Dist.] 1987, no writ); Hatley v. Schmidt, 471 S.W.2d 440, 442 (Tex. Civ. App.--San
Antonio 1971, writ ref'd n.r.e). Ellis's pleading was not a pleading requiring an answer by Dunnahoo. Therefore, the trial
court did not err by striking Ellis's motion for default judgment. Point of error number four is overruled. 

 The appeal from the granting of summary judgment on the issue of wrongful termination is DISMISSED for lack of
jurisdiction. The summary judgment for Merit on the cause of civil conspiracy is AFFIRMED. The summary judgment for
Merit on the claim of defamation against Merit's attorney, Dunnahoo, is AFFIRMED. The summary judgment for Merit on
the claim of defamation is REVERSED and REMANDED for further proceedings consistent with this opinion. 





 

LINDA REYNA YAÑEZ 

Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed this 

the 7th day of December, 2000. 

1. The Texas Employment Commission is now known as the Texas Workforce Commission. See Tex. Lab. Code Ann.
Chapter 301 (Vernon 1996).

2. Ellis attached to his appellate brief an article from the Texas Lawyer magazine, in which Judge McDowell discusses a
recent trend to file motions to recuse as a litigation tactic. Documents attached to an appellate brief are not part of the
appellate record. See Tex. R. App. 34.1.

3. Judge Klager is judge of Nueces County Court at Law No. 4.

4. The reporter's records for the hearings do not indicate that Dunnahoo used, or referred to, any exhibit.