**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 10, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00390-CV

_____

## IN RE SVETLANA POPLIN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 907501**

---

## M E M O R A N D U M   O P I N I O N

On April 27, 2012, relator Svetlana Poplin filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator complains that respondent, the Honorable Theresa Chang, presiding judge of the County Civil Court at Law No. 2 of Harris County, Texas, improperly granted a motion to compel discovery.

Poplin sued Amerisure Insurance Company for the denial of workers' compensation benefits. Amerisure's answer was signed by Scot A. Schwartzberg of the firm Smith & Carr, P.C. By signing this initial pleading, Schwartzberg became the attorney in charge pursuant to Texas Rule of Civil Procedure 8. Subsequently, Amerisure

sent requests for written discovery to Poplin. The cover letter for the discovery requests was printed on letterhead of Smith & Carr, P.C. and signed by "Charles M. Carr, III, for the firm." Poplin refused to respond to discovery alleging that she was not required to respond because Carr was not the attorney in charge. Amerisure subsequently filed a motion to compel discovery, which was signed by Scot A. Schwartzberg. The trial court granted the motion to compel.

Poplin contends she was not required to respond to discovery because the attorney who signed the cover letter attached to the discovery requests was not the attorney in charge pursuant to Texas Rule of Civil Procedure 8. The record reflects that an attorney other than Schwartzberg signed the cover letter without being designated as attorney in charge. Both Schwartzberg and Carr are lawyers in the same firm, and that firm represents Amerisure in the underlying case. Though Poplin was entitled to continue to correspond with the attorney in charge, she cites no authority[1] for the proposition that a cover letter signed by another attorney from his firm relieved her of an obligation to respond to discovery. Poplin has not shown how she was harmed by the signing of the letter by co-counsel in the firm of the attorney in charge. *See* Tex. R. App. P. 44.1*; see also Sunbeam Environmental Services, Inc. v. Texas Workers' Compensation Ins. Facility*, 71 S.W.3d 846, 851 (Tex. App.—Austin 2002, no pet.); *Spellmon v. Collins*, 970 S.W.2d 578, 580 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

Relator has not shown she is entitled to the extraordinary relief of writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Frost and McCally.

---

[1] Texas Rule of Civil Procedure 8 provides no authority for Poplin's position. Poplin admits that Rule 8 requires communications **to the attorney in charge**, not from the attorney in charge.