Jerry McAFEE, Appellant,

v.

James E. FELLER, Appellee.

No. 330.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 18, 1970.

Jerry McAfee, Houston, for appellant.

Murray L. Lieberman, Lieberman & Tratras, Houston, for appellee.

BARRON, Justice.

This is a libel action filed by plaintiff below, Jerry McAfee, a duly licensed and practicing attorney. The alleged libel was based upon a letter written and addressed to the Grievance Committee, Harris County Bar Association, Houston, Texas. The letter was forwarded to the Grievance Committee of the State Bar of Texas, District 8, Houston, Texas. The letter was signed by James E. Feller, defendant below. For the purpose of this opinion the letter may be considered under ordinary conditions to be libelous.

Feller filed motion for summary judgment showing and alleging privilege as his defense. The trial court sustained defendant's motion for summary judgment and rendered judgment in favor of the defendant, James E. Feller. The plaintiff, McAfee, has duly perfected his appeal.

All persons who practice law in the State of Texas are members of the State Bar and are subject to the provisions of the State Bar Act and the rules adopted by the Supreme Court of Texas. Art. 320a–1, Sec. 3, Vernon's Ann.Civ.St. The State Bar has been constituted an administrative agency of the Judicial Department of the State. Pursuant to the Act, the Supreme Court has promulgated rules governing the State Bar of Texas. Grievance Committees have been provided in each Congressional District, with power to hear complaints against attorneys and to investigate them. The Committees have power to require the attendance of witnesses and the production of documentary or other evidence, and they have the power to make decisions in matters being investigated. Procedure by formal complaint is also provided for. See Art. XII, State Bar Rules, Vol. 1A, p. 221 et seq., V.A.C.S. Professional conduct of attorneys is a matter of great importance to the public, and power to discipline members of the State Bar for misconduct is necessary.

The rule that communications uttered or published in the course of a judicial proceeding are absolutely privileged, applies to proceedings before executive officers, boards and commissions which exercise quasi-judicial powers. To bring the proceedings within the rule above, the board or committee must have authority not only

to hear but to decide the matters coming before it, or to redress grievances of which it takes cognizance.

◼ The above statute and rules authorize the various Grievance Committees to conduct investigations and make findings. Members of the general public have the right to make complaints against attorneys to the various committees, and such complaints so made cannot constitute the basis of a civil action for slander or libel. The falsity of the statement or the malice of the utterer is immaterial, even though the statement was not relevant, pertinent and material to the issue involved.

◼ In this case the appellee followed substantially the legally designated procedures through the proper authorities, and there was no repetition or republication of the charges shown. We hold that the alleged libelous matter is absolutely privileged, and that the trial court properly granted appellee's motion for summary judgment. Reagan v. Guardian Life Ins. Co., 140 Tex. 105, 166 S.W.2d 909; Aransas Harbor Terminal Ry. Co. v. Taber, 235 S.W. 841 (Tex.Comm. App.).

Affirmed.