William **ODENEAL** and Lou
Odeneal, Appellant,

v.

**C.J. WOFFORD, Jr., Appellee.**

No. 05–82–01395–CV.

Court of Appeals of Texas,
Dallas.

March 7, 1984.

Rehearing Denied April 17, 1984.

William C. Odeneal, Dallas, for appellant.

W.C. Wofford, Jr., pro se.

Before CARVER, ALLEN and SHUM-PERT, JJ.

CARVER, Justice.

The Odeneals filed suit against Wofford for defaming them in letters to a State Bar Grievance Committee responding to a complaint filed by Mrs. Odeneal. The trial court granted Wofford summary judgment on the ground that his statements were absolutely privileged. The Odeneals appeal and argue that no privilege applies because the Grievance Committee should not be considered a quasi-judicial body; that an absolute privilege should not apply to responses from the person being investigated; that the absolute privilege does not apply to statements not relevant to the grievance investigation; and that the privilege does not apply to statements made about persons not a party to the grievance

proceeding (Mr. Odeneal was not a party to the grievance). We disagree with these arguments and affirm.

This action involves a grievance which Lou Odeneal filed against Wofford with regard to his conduct in a suit the Odeneals had pending against one of his clients, Peter Collora. Lou was represented in both suits by her husband, William Odeneal. Wofford responded to the grievance in letters that criticized the Odeneals' handling of the Collora matter. The Odeneals brought this libel and slander suit based on Wofford's remarks. The trial court granted Wofford a summary judgment relying upon cases that have held that a Grievance Committee investigation is a quasi-judicial proceeding and that all its testimony is subject to an absolute privilege.

■ Under our definition in *Putter v. Anderson*, 601 S.W.2d 73, 76 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.), a Grievance Committee is a quasi-judicial proceeding because it has "the power or duty to investigate and to draw a conclusion from such investigation." The Odeneals argue that the committee does not meet the criteria of a quasi-judicial committee as set out in *Parker v. Holbrook*, 647 S.W.2d 692, 695 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). We find *McAfee v. Feller*, 452 S.W.2d 56 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ), which holds that Grievance Committees are quasi-judicial bodies, persuasive to the contrary, particularly since *Parker* cites *McAfee* with approval. 647 S.W.2d at 696.

■ The Odeneals next argue that even if a Grievance Committee is quasi-judicial, its witnesses, especially the lawyer under investigation, should have only the cloak of a limited privilege that would not protect malicious statements. The supreme court has held that *every* participant of such a proceeding is due an *absolute* privilege and we obey that holding. *James v. Brown*, 637 S.W.2d 914, 916–17 (Tex.1982). Therefore, even malicious statements made by the attorney under investigation are protected. *Reagan v. Guardian Life Insurance Co.*, 140 Tex. 105, 166 S.W.2d 909 (1942).

■ Additionally, the Odeneals argue that even an absolute privilege does not protect irrelevant statements. The standard is not "relevance" but a lesser standard: the statement must only bear "some relation to the proceeding," *Russell v. Clark*, 620 S.W.2d 865, 869 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.), and all doubt should be resolved in favor of "some relation." *Russell*, 620 S.W.2d at 870. Further, this standard is necessarily minimal so as to occasion no fear, by any witness, of retaliatory damage suits for defamation and thereby hamper the original purpose of the privilege to encourage testimony. *James*, 637 S.W.2d at 917; *Runge v. Franklin*, 72 Tex. 585, 10 S.W. 721 (1889). We find that, under this limited standard, there was no fact question that Wofford's statements bore enough of a "relation" to the proceeding to be afforded the protection of an absolute privilege.

■ Mr. Odeneal urges that the absolute privilege should not cover statements aimed at him since he was not a party to the grievance. We hold that even statements aimed at non-parties are absolutely privileged if they bear some relation to the proceeding. Otherwise, the witness could be hamstrung in relating his version of the controversy if important participants chose not to be parties. This would undermine the fact-gathering function the absolute privilege was intended to stimulate. Since Wofford's statements about Mr. Odeneal bore some relation to the grievance proceeding, we find they were absolutely privileged. *See James*, 637 S.W.2d at 916–17; *Russel*, 620 S.W.2d at 868–70.

■ The Odeneals have also urged that, should we reach the conclusions recited above, such conclusions would deprive them of their civil rights in violation of 42 U.S.C.A. §§ 1983, 1985 (West 1981). The Odeneals' point cites no authority, contains no discussion and therefore presents nothing for review. *Commercial Standard Insurance Co. v. Ford*, 400 S.W.2d 934 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.).

Affirmed.