Scott BELL, Appellant,

v.

Michael B. LEE; Greenberg, Peden, Siegmyer & Oshman, P.C.; William M. McKnight; Global Ministries, Inc.; and Calvary Temple of Baytown, Inc., Appellees.

No. 04–00–00011–CV.

Court of Appeals of Texas, San Antonio.

March 28, 2001.

George L. LeGrand, Stanley Bernstein, LeGrand & Bernstein, P.C., San Antonio, for Appellant.

J. Shelby Sharpe, Sharpe & Tillman, Fort Worth, Roy R. Barrera, Jr., Nicholas & Barrera, P.C., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

SARAH B. DUNCAN, Justice.

Scott Bell appeals the trial court's summary judgment against him in his defamation suit against Michael B. Lee; Greenberg, Peden, Siegmyer & Oshman, P.C.; William M. McKnight; Global Ministries, Inc.; and Calvary Temple of Baytown, Inc. We affirm, holding the summary judgment record conclusively establishes the letter of which Bell complains was absolutely privileged because it had some relation to a contemplated judicial proceeding.

### STANDARD OF REVIEW

We review a summary judgment de novo. *Valores Corporativos, S.A. de C.V. v. McLane Co.*, 945 S.W.2d 160, 162 (Tex. App.—San Antonio 1997, writ denied). Therefore, we will uphold a traditional summary judgment only if the movant es-

tablishes there is no genuine issue of material fact and he is entitled to judgment as a matter of law on a ground set forth in his motion. Tex.R. Civ. P. 166a(c); *see Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). In determining whether a genuine issue of material fact exists, we view as true all evidence favorable to the respondent and resolve all doubts in his favor. *Id.* at 548–49.

### Factual and Procedural Background

The factual and procedural background has been previously reported. *See In re Lee,* 995 S.W.2d 774, 775–76 (Tex.App.— San Antonio 1999, orig. proceeding [mand. denied] ). We quote from our earlier opinion:

Scott Bell, a San Antonio police officer, investigated an alleged financial "scheme" involving Calvary Temple of Baytown. In doing so, he contacted Calvary Temple's bank, which in turn contacted Calvary Temple and informed its pastor, Dr. William McKnight, of Officer Bell's investigation. On August 27, 1998, on behalf of Calvary Temple and Dr. McKnight, Michael B. Lee, an attorney with the law firm Greenberg, Peden, Siegmyer & Oshman, P.C., sent a letter to Officer Bell claiming that Bell's inquiries at the bank damaged Calvary Temple's relationship with the bank, as well as its reputation in the community. In his letter, Lee goes on to threaten suit for Bell's slanderous comments to the bank. Lee demanded an apology, compensation, and a response. Lee sent copies of his letter to the Professional Standards Section of the San Antonio Police Department and to the San Antonio City Attorney.

On September 21, 1998, Officer Bell sued Lee, Lee's law firm, Dr. McKnight, Calvary Temple, and Global Ministries, Inc. for slander, libel, civil conspiracy to commit slander, intentional infliction of emotional distress, and tortious interference with a police investigation all based upon the publication of Lee's letter. On October 1, 1998, and November 5, 1998, the defendants/relators filed motions for summary judgment asserting that the statements in Lee's letter are absolutely privileged by the fact that they were made by an attorney in contemplation of litigation. Both of the motions were denied. The defendants/relators now seek mandamus relief in this court, contending they have no adequate remedy by appeal.

*Id.* After this court denied the requested writ, *id.* at 778, Lee and the other defendants filed a third motion for summary judgment, again contending his letter was absolutely privileged. This motion was granted. Bell appeals.

### Discussion

■ Bell contends the trial court erred in granting Lee's motion for summary judgment, because he did not establish his letter was absolutely privileged. We disagree.

■ "Communications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made." *James v. Brown,* 637 S.W.2d 914, 916 (Tex.1982). This absolute privilege extends to a communication "preliminary to a proposed judicial proceeding ... if it has some relation to the proceeding." *Id.* at 917 (quoting Restatement (Second) of Torts § 588 (1981)). Whether a statement is made in contemplation of a judicial proceeding is a question of law. *Thomas v. Bracey,* 940 S.W.2d 340, 343 (Tex.App.—San Antonio 1997, no writ). "All doubt should be resolved in favor of

the communication's relation to the proceeding." *Id.*

Lee's motion for summary judgment is supported by his affidavit, as well as the testimony of the recipients of copies of the letter—the City Attorney, Frank Garza, and the Commanding Officer of Professional Standards Section (formally known as Internal Affairs), James Albert Robinson, Sr. In his affidavit, Lee states he and his firm were retained by the defendants before the date of the letter "to pursue a defamation claim against ... Bell"; and "[t]he letter was sent in anticipation of filing suit if the matters addressed in the letter were not settled." Similarly, the letter states Lee's firm "has the privilege to represent Dr. William M. McKnight and the Church he serves as Pastor, Calvary Temple Church in Baytown, Texas," requests a response by a date certain, and warns "slander has a one (1) year statute of limitations in Texas, and we do not intend to let the anniversary of your telephone call go by."

Lee further explains in his affidavit he sent a copy of the letter to the city attorney, because he was considering making the City a party to the defamation suit. Similarly, he sent a copy to the Professional Standards Section, because its website stated it welcomed complaints against officers and he knew of its investigatory function. In their affidavits, Garza and Robinson state that the City Attorney's Office and the Professional Standards Section are interested in claims and complaints against city employees and police officers acting within the course and scope of their employment. Under these circumstances, we hold Lee's letter bears some relation to a contemplated judicial proceeding.

Bell does not appear to disagree that Lee's letter bears some relation to a purported judicial proceeding. Rather, he argues Lee's letter did not in fact further the

representation. *See, e.g.,Thomas,* 940 S.W.2d at 343 (citing *Russell v. Clark,* 620 S.W.2d 865, 868 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.)). However, this requirement is not mentioned in *Russell's* final statement of the rule, see *Russell,* 620 S.W.2d at 870; it is never applied in *Thomas,* see *Thomas,* 940 S.W.2d at 344; and it is nowhere mentioned by the supreme court in *James.* See *James,* 637 S.W.2d at 917. We therefore hold that the privilege attaches if the statement has some relationship to a contemplated proceeding, regardless of whether it in fact furthers the representation. *James,* 637 S.W.2d at 916–17; *Russell,* 620 S.W.2d at 870. In light of our holding, we decline to address Bell's arguments that Lee's letter did not in fact further his representation of his clients.

Bell also argues absolute immunity does not attach to Lee's letter because it was sent in bad faith. In support of this argument, Bell relies upon the following comment to section 586 of the Restatement (Second) of Torts:

> As to communications preliminary to a proposed judicial proceeding the rule stated in this Section applies only when the communication has some relation to a proceeding that is contemplated in good faith and under serious consideration. The bare possibility that the proceeding might be instituted is not to be used as a cloak to provide immunity for defamation when the possibility is not seriously considered.

RESTATEMENT (SECOND) OF TORTS § 586 cmt. e, at 248 (1977). Bell contends material issues of fact as to Lee's good faith and whether a defamation action was seriously contemplated are raised by several undisputed facts: the availability of sovereign and official immunity as affirmative defenses; that a formal notice letter was never sent to the City; and a suit was not

in fact filed. But these facts do not establish or even suggest the contemplated suit against Bell was a "bare possibility." To the contrary, the summary judgment record establishes that, at the time the letter was sent, Lee had been retained to pursue, and intended to pursue, a defamation suit against Bell and possibly the City. That this course of action was later abandoned does not raise an inference that the initial plan was but a bare possibility or made other than in good faith.

Finally, citing *Putter v. Anderson*, 601 S.W.2d 73 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.), Bell argues the absolute privilege does not attach to the copies of the letter sent to the Professional Standards Section and the City Attorney's Office. In *Putter*, the Dallas Court of Appeals held a non-lawyer's complaints about a police officer to the police department's internal affairs division were absolutely privileged, because internal affairs acted as a quasi-judicial body. *Id.* at 77. Because *Putter* did not involve the absolute privilege enjoyed by attorneys for communications relating to contemplated litigation, it has no relevance here.

### CONCLUSION

Because Lee's letter had some relation to a contemplated defamation action against Bell, it is absolutely privileged. We therefore affirm the trial court's judgment.