No. 04-00-00011-CV



Scott BELL,


Appellant



v.



Michael B. LEE; Greenberg, Peden, Siegmyer & Oshman, P.C.;


William M. McKnight; Global Ministries, Inc.; and Calvary Temple of Baytown, Inc.,


Appellees



From the 73rd Judicial District Court, Bexar County, Texas


Trial Court No. 98-CI-13762


Honorable David Peeples, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Phil Hardberger, Chief Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: March 28, 2001


AFFIRMED


 Scott Bell appeals the trial court's summary judgment against him in his defamation suit
against Michael B. Lee; Greenberg, Peden, Siegmyer & Oshman, P.C.; William M. McKnight; Global
Ministries, Inc.; and Calvary Temple of Baytown, Inc. We affirm, holding the summary judgment
record conclusively establishes the letter of which Bell complains was absolutely privileged because
it had some relation to a contemplated judicial proceeding.

Standard of Review


 We review a summary judgment de novo. Valores Corporativos, S.A. de C.V. v. McLane Co.,
945 S.W.2d 160, 162 (Tex. App.-San Antonio 1997, writ denied). Therefore, we will uphold a
traditional summary judgment only if the movant establishes there is no genuine issue of material fact
and he is entitled to judgment as a matter of law on a ground set forth in his motion. Tex. R. Civ. P.
166a(c); see Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985). In
determining whether a genuine issue of material fact exists, we view as true all evidence favorable to
the respondent and resolve all doubts in his favor. Id. at 548-49.

Factual and Procedural Background


 The factual and procedural background has been previously reported. See In re Lee, 995
S.W.2d 774, 775-76 (Tex. App.-San Antonio 1999, orig. proceeding [mand. denied]). We quote
from our earlier opinion:

 Scott Bell, a San Antonio police officer, investigated an alleged financial
"scheme" involving Calvary Temple of Baytown. In doing so, he contacted Calvary
Temple's bank, which in turn contacted Calvary Temple and informed its pastor, Dr.
William McKnight, of Officer Bell's investigation. On August 27, 1998, on behalf of
Calvary Temple and Dr. McKnight, Michael B. Lee, an attorney with the law firm
Greenberg, Peden, Siegmyer & Oshman, P.C., sent a letter to Officer Bell claiming
that Bell's inquiries at the bank damaged Calvary Temple's relationship with the bank,
as well as its reputation in the community. In his letter, Lee goes on to threaten suit
for Bell's slanderous comments to the bank. Lee demanded an apology,
compensation, and a response. Lee sent copies of his letter to the Professional
Standards Section of the San Antonio Police Department and to the San Antonio City
Attorney.


 On September 21, 1998, Officer Bell sued Lee, Lee's law firm, Dr. McKnight,
Calvary Temple, and Global Ministries, Inc. for slander, libel, civil conspiracy to
commit slander, intentional infliction of emotional distress, and tortious interference
with a police investigation all based upon the publication of Lee's letter. On October
1, 1998, and November 5, 1998, the defendants/relators filed motions for summary
judgment asserting that the statements in Lee's letter are absolutely privileged by the
fact that they were made by an attorney in contemplation of litigation. Both of the
motions were denied. The defendants/relators now seek mandamus relief in this court,
contending they have no adequate remedy by appeal.


Id. After this court denied the requested writ, id. at 778, Lee and the other defendants filed a third
motion for summary judgment, again contending his letter was absolutely privileged. This motion was
granted. Bell appeals.

Discussion


 Bell contends the trial court erred in granting Lee's motion for summary judgment, because
he did not establish his letter was absolutely privileged. We disagree.

 "Communications in the due course of a judicial proceeding will not serve as the basis of a
civil action for libel or slander, regardless of the negligence or malice with which they are made."
James v. Brown, 637 S.W.2d 914, 916 (Tex. 1982). This absolute privilege extends to a
communication "preliminary to a proposed judicial proceeding ... if it has some relation to the
proceeding." Id. at 917 (quoting Restatement (Second) of Torts § 588 (1981)). Whether a
statement is made in contemplation of a judicial proceeding is a question of law. Thomas v. Bracey,
940 S.W.2d 340, 343 (Tex. App.-San Antonio 1997, no writ). "All doubt should be resolved in favor
of the communication's relation to the proceeding." Id. 

 Lee's motion for summary judgment is supported by his affidavit, as well as the testimony
of the recipients of copies of the letter - the City Attorney, Frank Garza, and the Commanding
Officer of Professional Standards Section (formally known as Internal Affairs), James Albert
Robinson, Sr. In his affidavit, Lee states he and his firm were retained by the defendants before the
date of the letter "to pursue a defamation claim against ... Bell"; and "[t]he letter was sent in
anticipation of filing suit if the matters addressed in the letter were not settled." Similarly, the letter
states Lee's firm "has the privilege to represent Dr. William M. McKnight and the Church he serves
as Pastor, Calvary Temple Church in Baytown, Texas, " requests a response by a date certain, and
warns "slander has a one (1) year statute of limitations in Texas, and we do not intend to let the
anniversary of your telephone call go by."

 Lee further explains in his affidavit he sent a copy of the letter to the city attorney, because
he was considering making the City a party to the defamation suit. Similarly, he sent a copy to the
Professional Standards Section, because its website stated it welcomed complaints against officers
and he knew of its investigatory function. In their affidavits, Garza and Robinson state that the City
Attorney's Office and the Professional Standards Section are interested in claims and complaints
against city employees and police officers acting within the course and scope of their employment.
Under these circumstances, we hold Lee's letter bears some relation to a contemplated judicial
proceeding.

 Bell does not appear to disagree that Lee's letter bears some relation to a purported judicial
proceeding. Rather, he argues Lee's letter did not in fact further the representation. See, e.g.,
Thomas, 940 S.W.2d at 343 (citing Russell v. Clark, 620 S.W.2d 865, 868 (Tex. Civ. App.-Dallas
1981, writ ref'd n.r.e.)). However, this requirement is not mentioned in Russell's final statement of
the rule, see Russell, 620 S.W.2d at 870; it is never applied in Thomas, see Thomas, 940 S.W.2d at
344; and it is nowhere mentioned by the supreme court in James. See James, 637 S.W.2d at 917. We
therefore hold that the privilege attaches if the statement has some relationship to a contemplated
proceeding, regardless of whether it in fact furthers the representation. James, 637 S.W.2d at 916-17;
Russell, 620 S.W.2d at 870. In light of our holding, we decline to address Bell's arguments that Lee's
letter did not in fact further his representation of his clients.

 Bell also argues absolute immunity does not attach to Lee's letter because it was sent in bad
faith. In support of this argument, Bell relies upon the following comment to section 586 of the
Restatement (Second) of Torts:

 As to communications preliminary to a proposed judicial proceeding the rule
stated in this Section applies only when the communication has some relation to a
proceeding that is contemplated in good faith and under serious consideration. The
bare possibility that the proceeding might be instituted is not to be used as a cloak to
provide immunity for defamation when the possibility is not seriously considered.


Restatement (Second) of Torts § 586 cmt. e, at 248 (1977). Bell contends material issues of fact
as to Lee's good faith and whether a defamation action was seriously contemplated are raised by
several undisputed facts: the availability of sovereign and official immunity as affirmative defenses;
that a formal notice letter was never sent to the City; and a suit was not in fact filed. But these facts
do not establish or even suggest the contemplated suit against Bell was a "bare possibility." To the
contrary, the summary judgment record establishes that, at the time the letter was sent, Lee had been
retained to pursue, and intended to pursue, a defamation suit against Bell and possibly the City. That
this course of action was later abandoned does not raise an inference that the initial plan was but a
bare possibility or made other than in good faith.

 Finally, citing Putter v. Anderson, 601 S.W.2d 73 (Tex. Civ. App.-Dallas 1980, writ ref'd
n.r.e.), Bell argues the absolute privilege does not attach to the copies of the letter sent to the
Professional Standards Section and the City Attorney's Office. In Putter, the Dallas Court of Appeals
held a non-lawyer's complaints about a police officer to the police department's internal affairs
division were absolutely privileged, because internal affairs acted as a quasi-judicial body. Id. at 77.
Because Putter did not involve the absolute privilege enjoyed by attorneys for communications
relating to contemplated litigation, it has no relevance here. 

Conclusion


 Because Lee's letter had some relation to a contemplated defamation action against Bell, it
is absolutely privileged. We therefore affirm the trial court's judgment.


 Sarah B. Duncan, Justice

Publish