Opinion issued June 14, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00504-CV

———————————

Daniel Gawlikowski, Appellant

V.

Steven
Thomas Sikes,
Appellee



 



 

On Appeal from the 270th Judicial District Court

Harris County, Texas



Trial Court Case No. 2010-15925

 



 

MEMORANDUM OPINION

          Appellant,
Daniel Gawlikowski, challenges the trial court’s entry, after a bench trial, of
a judgment in favor of appellee, Steven Thomas Sikes, awarding Sikes damages in
his suit for libel[1]
and intentional infliction of emotional distress.  In three issues, Gawlikowski contends that Sikes’s
claims are barred under the pertinent statute of limitations,[2] his allegedly libelous statements
were privileged, and the trial court abused its discretion in allowing an oral
trial amendment.

          We affirm.   

Background

           On March 10, 2010, Sikes filed his original
petition, alleging that Gawlikowski had “sent an email to [Sikes] and multiple
third parties” stating that Sikes had sexually assaulted Gawlikowski’s
daughter.  Sikes asserted that
Gawlikowski “published the defamatory falsehood” with “actual malice, knowing
it was false” or “with reckless disregard of whether it was false or not.”  In his answer to the petition, Gawlikowski
asserted the affirmative defenses of limitations, “absolute immunity” for the
publication of “information within the litigation process,” and immunity for
reporting “any incident of child abuse.”

          At
trial, Sikes testified that he was married to Brandi Sikes, who was previously
married to Gawlikowski and had had a daughter with him.  Since 2003, Brandi and Gawlikowski had been engaged
in a lawsuit for custody of the child. 
Sikes recalled an incident in which the child was “running around on a
wet tile floor” after taking a bath, and Sikes disciplined the child by
“spanking” her.  Because of this
incident, Gawlikowski, on “several occasions,” stated that Sikes had “sexually
assaulted” the child.  

Specifically, Sikes entered into
evidence an e-mail correspondence with Gawlikowski, Brandi, and several
others.  On March 8, 2010, Brandi sent
Gawlikowski an e-mail, with the subject line “Homework and Hygiene,” in which
she asked Gawlikowski to ensure that the child completed her homework and to
“wash her hair and bath[e] thoroughly while she is with you.”  She forwarded the e-mail to Sikes, Janette
Gawlikowski, and her lawyer.  After
Gawlikowski and Sikes had each responded, on March 9, 2010, Gawlikowski sent
another reply, directed towards Sikes, with the subject title “PLEASE CEASE
COMMUNICATION WITH ME,” in which he stated,

You are a sick man that
pulled down the pants of another man’s young daughter and spanked her bare
bottom with your bare hands.

 

. . . . 

 

In my opinion, you should be
behind bars for sexually assaulting a child. 
I certainly don’t think that you should be in the same house with the
little girl that, in my opinion, you sexually assaulted.  I pray for [Sikes’s daughter’s] sake that her
father never sexually assaults her the same way that he did to his
stepdaughter.

 

We will all be in front of a
jury soon and we’ll see what determination they make of your sick, disgusting
actions.  

 

The reply was forwarded to the recipients of the
first e-mail, and Robert C. Kuehm, Robert I. Kuehm, and other third parties.  Sikes stated that the allegations were “the
most stressful thing [he’d] ever been through” and, because he suffers from “a
condition called Addison’s Disease,” which requires him to take cortisol
steroids, he had to “increase his medication dosage” to combat the stress.   On
March 21, 2011, Gawlikowski sent an e-mail to Josh Harris, a representative of
the Houston First Baptist Church, stating that “Steven Sikes’[s] method of
disciplining my daughter was highly inappropriate” and requesting “a name of a
counselor that Steven Sikes could possibly use to help him understand more
appropriate ways of disciplining a child.” 
On cross-examination, Sikes stated that he had been “involved” in the
custody dispute between Brandi and Gawlikowski “for several years,” although he
was not a party to that lawsuit.  

          Gawlikowski
testified that in November 2008, he was informed at a parent-teacher conference
that Sikes had disciplined the child by “pulling down her pants and spanking
her bare bottom with his bare hands.”  He
stated that he sent the March 9, 2010 e-mail “[w]ithin the confines of the
custody case” directed towards “the folks that were within the confines of the
existing custody battle.”  On
cross-examination, Gawlikowski testified that he first stated his belief that
Sikes had “sexually assaulted” the child to a court-appointed psychologist on
September 16, 2008.  He did not report
this belief “to anyone other than the persons involved” in the custody litigation
and forwarded his March 9, 2010 e-mail only to the lawyers involved in the
litigation.  Finally, Brandi testified
that in September 2008, she knew that Gawlikowski “intended” to tell the
court-appointed psychologist that Sikes “was sexually abusing the child.”

          After
the close of evidence, Sikes asked for a trial amendment to include a claim of intentional
infliction of emotional distress, arguing that the issue had been “tried by
consent” because he “did elicit testimony as to all the elements.”  Gawlikowski objected and argued that “[t]here
was nothing tried by consent.”  The trial
court overruled the objection and allowed the oral trial amendment.

          The
trial court rendered judgment in favor of Sikes, awarded him actual damages of
$25,000, and, finding that Gawlikowski “acted with malice and knowledge of the
falsity of his statements,” awarded Sikes $50,000 in punitive damages.

Statute of Limitations

In his first
issue, Gawlikowski argues that the trial court’s judgment “constitutes an abuse
of discretion” because “it awards damages for comments that were made by [him]
that were barred by limitations.” 
Specifically, he argues that because he first alleged that Sikes had
committed sexual assault to the court-appointed psychologist in September 16,
2008, Sikes was barred for bringing a suit for libel “over a year and 6 months
from the date [Gawlikowski] originally made the statement.”

To establish a
claim of libel, a plaintiff must show that the defendant 
“expressed in written or other graphic form” a defamation that “tends to injure
a living person’s reputation.”  Tex. Civ. Prac. & Rem. Code Ann. § 73.001 (Vernon 2011).  The statute
of limitations for defamation is one
year.  Id. §
16.002(a) (Vernon 2002).  Generally,
a cause of action for libel or slander
accrues on the day the words are printed or spoken.  Wheeler v. Methodist Hosp., 95 S.W.3d
628, 636 (Tex. App.—Houston [1st Dist.] 2002, no pet.); Martinez v. Hardy, 864 S.W.2d
767, 774 (Tex. App.—Houston [14th Dist.] 1993, no writ).  

In his original
petition, Sikes sought damages only for the March 9, 2010 e-mail
correspondence, and he filed his petition one day after Gawlikowski had sent
the e-mail stating that Sikes had sexually assaulted the child.  Thus, Sikes’s cause of action for libel began
accruing on March 9, 2010, and he brought this suit well within the one-year
statute of limitations.  Although
Gawlikowski alleges that the cause of action accrued on September 16, 2008, the
date that Gawlikowski first reported his allegations to a court-appointed
psychologist, we note that the psychologist’s report is not in the record and
Gawlikowski offers no evidence in support of his assertion that all of the
individuals in receipt of the March 9, 2010 e-mail had already been made aware
of his allegations that Sikes had sexually assaulted his daughter.  Gawlikowski correctly states the proposition
that a claim of libel “accrues on the date of the communication or publication
and not on the date of the consequences or sequelae.”  Ross v.
Arkwright Mut. Ins. Co., 892 S.W.2d 119, 131 (Tex. App.—Houston [14th
Dist.] 1994, no writ).  However, the date
of the publication which forms the basis of Sikes’s claim of libel was only one
day before he filed this suit in the trial court.[3]  Accordingly, we hold that Sikes’s claims were
not barred under the pertinent statute of limitations.

We overrule
appellant’s first issue.  

Litigation Privilege

          In his second issue, Gawlikowski
argues that because the comments that he made were privileged, they “cannot be
made the basis of a defamation action.” 
Specifically, Gawlikowski asserts that his statement was “made during
the course of a pending judicial proceeding and the statement is related to the
issues” of Gawlikowski and Brandi’s custody dispute.

          Communications
made in the due course of a judicial proceeding will not serve as the basis of
a civil action for libel or slander, regardless of the negligence or malice
with which they are made.  James v.
Brown,
637 S.W.2d 914, 916 (Tex. 1982).  This
privilege extends to any statements made by the judges, jurors, counsel,
parties, or witnesses and attaches to all aspects of the proceedings, including
statements made in open court, pre-trial hearings, depositions, affidavits, and
any of the pleadings or other papers in the case.  Id. at 916–917.  The privilege not only extends to statements
made during litigation but also to statements made in contemplation of and
preliminary to judicial proceedings.  Watson
v. Kaminski,
51 S.W.3d 825, 827 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (holding that
letter alleging that prisoner was
trying to extort money from appellants and that he was likely to be sued if he
attempted to do so came within judicial privilege, even though no litigation
was pending).  

To be privileged, the
communication must bear some relationship to pending or proposed litigation and
must further the attorney’s representation.  Id.; but see Bell v. Lee, 49 S.W.3d 8, 11 (Tex. App.—San Antonio
2001, no pet.) (privilege attaches if statement has some relationship to
contemplated proceeding, whether or not it actually furthers representation).
Whether an alleged defamatory communication is related to a proposed or
existing judicial proceeding is a question of law.  Thomas v. Bracey, 940 S.W.2d 340, 343 (Tex. App.—San
Antonio 1997, no writ).  When deciding
the issue, “the court must consider the entire communication in its context,
and must extend the privilege to any statement that bears some relation to an
existing or proposed judicial proceeding.”  Daystar
Residential, Inc. v. Collmer, 176 S.W.3d 24, 28 (Tex. App.—Houston [1st
Dist.] 2004, pet. denied) (quoting Russell v. Clark, 620 S.W.2d 865,
870 (Tex. Civ. App.—Dallas 1981, writ ref’d n.r.e.)).  All doubt should be resolved in favor of the privilege.
 Id.

          Here,
Gawlikowski’s May 9, 2010 e-mail was sent in response to Brandi’s May 8, 2010
e-mail, with the subject heading “Homework and Hygiene,” in which she asked
that Gawlikowski ensure that the child completed her homework when she visited
and he bathe the child thoroughly. 
Gawlikowski responded that that he was not aware that the child had
homework, and he further discussed the child’s hygiene.  After Sikes replied with more discussion of
the child’s homework and hygiene habits, Gawlikowski sent an e-mail with the
subject heading “PLEASE CEASE COMMUNICATION WITH ME,” in which he stated, “I
pray for [Sikes’s daughter’s] sake that her father never sexually assaults her
the same way that he did to his stepdaughter.” 
He concluded the e-mail by stating that they would “all be in front of a
jury soon” to see “what determination they make of [Sikes’s] sick, disgusting
actions.”  Although Gawlikowski
references a “jury” in his May 9, 2010 e-mail, the e-mails merely concerned the
child’s homework and hygiene habits.  And,
while not determinative of the issue of whether Gawlikowski’s statement had
“some relation” to judicial proceedings, we also note that Sikes was not a
party to the ongoing custody proceeding. 
Appellant does not indicate how his March 9, 2010 e-mail furthered his
attorney’s representation or otherwise relates to the child custody
proceedings, other than that the proceedings were ongoing at the time he wrote
the e-mail.  Compare Jenevein
v. Friedman, 114 S.W.3d 743, 749 (Tex.
App.—Dallas 2003, no pet.) (holding that allegation in court document alleging
that third party conspired to bribe presiding judge was judicially privileged
because it could be used to show judge’s impropriety); Odeneal v. Wofford, 668 S.W.2d 819, 820–21 (Tex. App.—Dallas 1984, writ ref’d n.r.e.)
(holding that statements regarding third party found in letter sent to State
Bar Grievance Committee were privileged because Grievance Committee is
“quasi-judicial proceeding”).  Accordingly, we hold that Gawlikowski’s March 9,
2010 e-mail was not privileged.

          We overrule Gawlikowski’s second
issue.

Trial Amendment

          In his third issue, Gawlikowski argues
that the trial court abused its discretion in allowing Sikes to orally amend
his pleadings.  Specifically, Gawlikowski
asserts that the trial court acted “without any guiding principles of law” in
allowing Sikes to add intentional infliction of emotional distress as a cause
of action after the close of evidence.

          A trial court has no
discretion to refuse a trial amendment unless (1) the opposing party presents
evidence of surprise or prejudice, or (2) the amendment asserts a new cause of
action or defense and, therefore, is prejudicial on its face and the opposing
party objects to it.  See Greenhalgh
v. Serv. Lloyds Ins. Co., 787 S.W.2d 938, 939 (Tex. 1990); Hardin v. Hardin, 597 S.W.2d 347, 349 (Tex. 1980); Lege
v. Jones, 919 S.W.2d 870, 875 (Tex. App.—Houston
[14th Dist.] 1996, no writ).  However, “when
issues not raised by the pleadings are tried by express or implied consent of
the parties, they shall be treated in all respects as if they had been raised
by the pleadings.”  Tex. R. Civ. P. 67.  Amendment of the pleadings “as may be
necessary to cause them to conform to the evidence” can be made “upon motion of
any party at any time up to the submission of the case to the Court.”  Id.  

          At
trial, Sikes testified that he suffered from Addison’s Disease and had to take
medication “to fight stress.”   He stated
that because of the stress caused by Gawlikowski’s accusations, he had to
increase his medication dosage, could not sleep well, and suffered from “neck
and shoulder tension.”  Sikes also
admitted into evidence e-mails that Gawlikowski sent later, in March 2011, to
Harris at the Houston First Baptist Church. 
In the e-mails, Gawlikowski advocated that Sikes receive church
counseling regarding “alternative methods of disciplining a child” and attached
the report from the court-appointed psychologist.  Gawlikowski explained that he had “intentionally”
sent the e-mail to the church without first contacting Sikes.  Finally, Brandi spoke of Sikes’s efforts to
“work through a lot of frustration” and inability to sleep at night due to
Gawlikowski’s allegations.  Because Sikes
presented evidence, without objection, that Gawlikowski acted intentionally and
Gawlikowski’s actions caused him to suffer “the most stressful thing he had
ever been through,” the trial court could have reasonably concluded that the
issue had been tried by consent.  See Twyman v. Twyman, 855 S.W.2d 619,
621–22 (Tex. 1993) (stating elements of intentional infliction of emotional
distress as: (1) defendant acted intentionally or recklessly; (2) defendant’s
conduct was extreme and outrageous; (3) defendant’s actions caused plaintiff
emotional distress; and (4) plaintiff’s emotional distress was severe).  Accordingly, we hold that the trial court did
not abuse its discretion in allowing Sikes’s oral trial amendment to include his
cause of action for intentional infliction of emotional distress.

           We overrule Gawlikowski’s third issue.

 

 

 

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                    Terry Jennings

                                                                   Justice 

 

Panel
consists of Chief Justice Radack and Justices Jennings and Keyes.

 











[1]           See
Tex. Civ. Prac. & Rem. Code Ann. § 73.001 (Vernon 2011).

 





[2]           See
Tex. Civ. Prac. & Rem. Code Ann.
§ 16.002 (Vernon
2002).





[3]
          Gawlikowski’s argument appears
to rely, in part, on the “single publication rule,” which applies in mass media
libel cases and provides that “[n]o person shall have more than one cause of
action for damages for libel . . . founded upon any single publication or
exhibition or utterance, such as any one edition or issue of a newspaper.”  See
Holloway v. Butler, 662 S.W.2d 688, 690 (Tex. App.—Houston [14th Dist.] 1983, writ ref’d n.r.e.).  However, the single publication rule is
limited to mass media torts and “is clearly designed to protect publishers from
repeated liability.”  Forbes Inc. v. Granada Biosciences, Inc.,
124 S.W.3d 167, 173 (Tex. 2003).  Also,
as noted above, the publication that Sikes complains of here was disseminated
only one day before he filed suit.