**Donald W. READ, Appellant**

v.

**Timothy W. VERBOSKI, Appellee**

**NO. 02-16-00399-CV**

Court of Appeals of Texas,
Fort Worth.

DELIVERED: July 6, 2017

DONALD W. READ, PRO SE.

ATTORNEY FOR APPELLEE: JOHN R. STOUTIMORE, FORT WORTH, TEXAS.

PANEL: SUDDERTH, KERR, and PITTMAN, JJ.

## OPINION

MARK T. PITTMAN, JUSTICE

Appellant Donald W. Read appeals from the trial court's dismissal of his suit brought against Appellee Timothy W. Verboski,[1] a witness in the criminal trial that resulted in Read's conviction for driving while intoxicated. Upon Verboski's motion, the trial court dismissed Read's suit under chapter fourteen of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) (West 2017). We affirm.

## I. Background

On the night of February 17, 2013, Verboski called the police to report an accident involving Read's vehicle. *Read v. State*, No. 11-13-00344-CR, 2015 WL 6121536, at *1 (Tex. App.—Eastland Oct. 15, 2015, pet. ref'd) (mem. op., not designated for publication). The police report contained a statement by Verboski to the police officer that he did not witness the accident but drove by the scene after it occurred. The police report recited that Verboski "stated that he [had] observed an older SUV *had ran off of the road into the ditch* and was stuck." [Emphasis added.] At Read's criminal trial, Verboski testified that he saw Read's vehicle in a ditch on his drive home from work on the night of February 17. Verboski then stopped and spoke to Read and noticed that Read's speech was slurred and that he staggered. *Id.* Verboski then called 9-1-1. *Id.* The police officer who responded to Verboski's call performed field sobriety tests on Read and then arrested him for driving while intoxicated. Read was subsequently convicted of driving while intoxicated, felony repetition.

Read filed this civil suit against Verboski alleging that he had been wrongfully convicted because of Verboski's false statement recited in the police report and his subsequent perjury at Read's trial. Specifically, Read alleged that Verboski's statement in the police report was false when he told the officer that "he observed an older SUV had ran off the road into the ditch and was stuck" and then later, "contradicting" himself, stated that "he did not

---

1. In Read's original petition, he incorrectly spelled Verboski's last name as "Verbuski."

witness the accident but drove past it after it had happened." According to Read, Verboski "did not see exactly what happened." By supplemental petition, Read also alleged that Verboski falsely reported to police that his vehicle had run off the road when Verboski had not witnessed the accident. Read further alleged that Verboski's testimony led to his conviction, and he sought compensation under chapter 103 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 103.001 (West Supp. 2016) (providing compensation to persons who have been wrongfully convicted).

In response to Read's lawsuit, Verboski filed a motion to dismiss. He alleged that dismissal was proper under both chapters thirteen and fourteen of the civil practice and remedies code but ultimately urged the trial court to dismiss the suit under chapter fourteen. *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (West 2017) (providing for dismissal of a frivolous suit brought by an indigent person), § 14.003(a) (providing for dismissal of malicious or frivolous suits by indigent inmates). Verboski argued that any statements made in the due course of a judicial proceeding cannot form the basis of a suit for damages for defamation. As such, he argued, Read's suit had no legal basis and was therefore frivolous.

The trial court granted the motion without a hearing and dismissed Read's case. Read now appeals.

## II. Dismissal of Frivolous or Malicious Suits under Chapter 14 of the Civil Practice and Remedies Code.

Read does not challenge the applicability of civil practice and remedies code chapter fourteen to his suit. Under section 14.003 of that chapter, a court may dismiss a claim if it finds that the claim is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a). A claim is frivolous or malicious for purposes of the chapter if the claim has no arguable basis in law or in fact. *Id.* § 14.003(b).

We review a dismissal under chapter fourteen for abuse of discretion, but we review *de novo* the legal question of whether a claim has an arguable basis in law. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.). We affirm the dismissal if it was proper under any legal theory. *Id.*

## III. Discussion

Read raises two points on appeal. In his first point, he argues that although Verboski claimed in his motion to dismiss that Read's suit was a defamation suit, in fact his suit pertains to a wrongful conviction "based on crimes ... Verboski committed in [a] false report to peace officers and perjured testimony at trial." In his second point, he argues that "[the p]rosecution has no authority to grant absolute immunity to allow crimes to be committed, rather [it] has special responsibility to make timely disclosure of evidence that negates or mitigates [the] guilt of [the] defendant."

## A. As a Matter of Law, Read Cannot Recover Compensation from Verboski under Chapter 103 of the Civil Practice and Remedies Code.

Read argues under his first point that although any communication made in the due course of a judicial proceeding is absolutely privileged, that rule does not preclude a plaintiff from pursuing other remedies at law, such as a claim under civil practice and remedies code chapter 103. Section 103.001 of that chapter sets out the criteria a person must meet to be entitled to compensation under chapter 103. *See* Tex. Civ. Prac. & Rem. Code Ann. § 103.001. Even if Read met the criteria for compensation under that section, the chapter does not provide a remedy to recover compensation from private persons.

A person seeking compensation under this chapter must file an application for compensation with the Texas Comptroller of Public Accounts. *Id.* § 103.003 (West Supp. 2016). The comptroller determines the eligibility of the claimant to receive compensation and the amount of compensation owed, and the comptroller makes the compensation payment to the claimant. *Id.* §§ 103.051, 103.151 (West Supp. 2016). Because, as a matter of law, Read cannot recover compensation from Verboski under chapter 103, his claim for such compensation has no arguable basis in law and is therefore frivolous. We overrule the part of his first point relying on chapter 103.

**B. Read's Claim for Damages Has No Arguable Basis in Law.**

As acknowledged by Read, statements made during judicial proceedings are absolutely privileged and cannot serve as the basis of a suit for damages. *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 912 (1942) ("[W]here there is an absolute privilege, no action in damages for language, oral or written, will lie. . . . Any communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged."); *Clark v. Jenkins*, 248 S.W.3d 418, 431 (Tex. App.—Amarillo 2008, pet. denied) ("[A]bsolutely privileged communications are not actionable and may not form the basis for civil liability."). Read pleaded no basis, other than chapter 103, under which Verboski could be held liable for damages for his testimony. His suit for damages based on such testimony is without any arguable basis in law, and we therefore overrule Read's first point as to his claim for damages against Verboski

based on Verboski's testimony at Read's criminal trial.

Likewise, Read's claim for damages based on Verboski's police report also has no arguable basis in law. Verboski's statement to the police is entitled to a qualified privilege. *See Thomas v. Bracey*, 940 S.W.2d 340, 343 (Tex. App.—San Antonio 1997, no writ) ("When a communication of an alleged wrongful act is made to an official authorized to protect the public from such act, that communication is entitled to only a qualified privilege."). However, even if Verboski's statement were false, Read cannot show harm as a matter of law. It was not Verboski's statement that he did or did not see the accident that led to Read's arrest and conviction.[2] Verboski reported his observations to the police, but it was the responding police officer's investigation that led to Read's arrest. The police officer arrested Read because she "could smell a strong odor of an alcoholic beverage coming from [Read's] breath and person," "[h]is eyes were red and watery and appeared droopy," he slurred his speech, he "was having difficulty walking around the vehicle," and he failed field sobriety tests. Because Read cannot show that he suffered damages as a result of Verboski's statement that Read's vehicle had "ran off the road into a ditch," his claim has no arguable basis in law. We therefore overrule the remainder of Read's first point.

**C. Read Cannot Recover from Verboski for Actions of the State as a Matter of Law.**

Read makes four arguments in support of his second point, all of which claim that

---

**2.** We understand Read's complaint against Verboski to be that by saying he had seen a vehicle that had run off the road, Verboski was stating that he also witnessed the vehicle leaving the road. We disagree and do not read Verboski's statements to the police at the

scene of the accident and later his testimony at trial as contradictory. A statement that one has seen a vehicle in a ditch—that is, that it has run off the road—is not a statement that one witnessed the vehicle leaving the road.

Verboski is somehow liable for the acts or failures to act by the State in Read's prosecution.

■ *First*, he asserts that Texas provides for criminal prosecution for perjured testimonial statements and that Verboski's police report and trial testimony violated criminal codes "of which [Read] has be[en] victimized." This argument does not provide an arguable basis in law for Read's claims. Even if Verboski's statements constituted perjury—and we do not agree that the record reflects perjured testimony—Read has no authority to bring a private action to criminally prosecute Verboski for such perjury. *See* Tex. Code Crim. Proc. Ann. arts. 2.01, 2.02 (West 2005) (district attorneys and county attorneys have authority to represent the State in criminal cases); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

*Second*, Read argues that the rule of absolute privilege for statements made in judicial proceedings does not apply to his suit for wrongful imprisonment. But Read did not allege a claim for false imprisonment; Verboski neither arrested nor detained Read nor clearly directed or requested the arrest, and Read did not allege that he had. *See Dangerfield v. Ormsby*, 264 S.W.3d 904, 910 (Tex. App.—Fort Worth 2008, no pet.) (setting out the elements for false imprisonment). Read's complaint was based on Verboski's statements that he did not see the accident, not on any request by Verboski to arrest Read. This argument therefore does not show that Read's suit has an arguable basis in law.

■ *Third*, Read asserts that the Texas constitution provides a right to restitution for crime victims and protects the right to petition for redress of grievances. The sections of the constitution on which he relies do not provide him with the right to recover damages from Verboski for a claim based on Verboski's police report or trial testimony. *See* Tex. Const. art. I, § 27 ("The citizens shall have the right ... to ... apply to those invested with the powers of government for redress of grievances or other purposes"), § 30 (providing that crime victims have the right of restitution). Read's suit against Verboski is not an application to the government for redress, and Read cannot unilaterally declare himself to be a crime victim and sue Verboski in civil court for restitution under the constitution. *See* Tex. Const. art. I, § 30 (providing that "[t]he state, through its prosecuting attorney, has the right to enforce the rights of crime victims"). As such, these constitutional provisions do not provide any arguable basis in law for Read's claims.

■ *Fourth*, referencing Verboski's "contradictory false police 911 emergency report," Read argues that prosecutors have a constitutional duty to correct known false evidence. Relatedly, Read complains that the police report used by the State in obtaining his conviction was wrongfully modified by the deputy who wrote the report. However, Read's arguments about correcting false evidence do not challenge any acts by Verboski. Verboski is not a prosecutor and did not prosecute Read's criminal trial. Further, Verboski did not write or modify the police report. Thus, Read's assertions do not provide an arguable basis in law for his claims.

We overrule Read's second point and hold that the trial court did not err by dismissing Read's suit. Read's lawsuit against Verboski is frivolous.

## IV. Conclusion

Having overruled Read's two points, we affirm the trial court's order of dismissal.